Dániee, Judge.
In this State it has been repeatedly, decided that a purchaser deriving title under a Sherilf’s sale must show a judgment as well as an execution. In this case the plaintiff produced an execution against the defendant, under which he purchased. The execution commanded the Sheriff to make $155, “which the State, in our Superior Court .of Law held for the county of Buncombe at the court house, recovered against him for cost and charges in the said suit expended, whereof the said Merriman Featherston is liable, as appears to us of record,” &c. On the back of the execution there is a bill of cost containing officers’ fees and witnesses’ dues, but it does not specify whether it was cost expended by the State or defendant’s cost. If we look-only at the execution and bill of cost annexed, no other conclusion can arise but that it was cost expended on behalf of the State in some suit on record in that Court against the defendant, in which suit the defendant had been cast or convicted. The plaintiff failed to produce any judgment in favor of the State to authorize such an execution. The plaintiff on the trial alleged that the recital in the execution, that it issued on a judgment in favor of the State, was a mistake of the clerk. He then gave in evidence a record of an indictment in the Superior Court of Buncombe county against *128 the defendant, which showed that he had beén tried and acquitted. The plaintiff contended that the Court had authority by virtue of the acts of the legislature to render judgment on that acquittal in favor of the officers of the Court and defendant’s witnesses for the amount of their fees and dues from him, to be taxed by the clerk, or that the clerk at the instance of said officers and witnesses had a right to issue execution for the same without any formal judgment being rendered. That this execution instead of being to enforce a judgment for the State, was intended to be in favor of the officers of the' Court and the defendant’s witnesses for fees and dues to them in the State case. That if under the acts it- was necessary that a judgment should be rendered in favor of the officers, &c., before execution could issue, then the Court should presume such a judgment was rendered. If on the other hand no formal judgment was necessary, then the Court ought to take this execution as having been issued by the clerk to cover the defendant’s cost in said indictment. When the defendant was acquitted, he was entitled to the common law judgment, that he go without day as to the indictment; but at the foot of that common law judgment there should have been a judgment under the statute against the defendant in favor of the officers and defendant’s witnesses for his cost due to them, to be taxed by the clerk, upon which the clerk should issue execution, not for the State, but in favor of the said officers, &c., against the defendant. The act says (see 1 Rev. Stat. ch. 105, sec. 24) “ that it shall be lawful for clerks, on fees not being paid by the party from whom they are due, to make out execution directed to the Sheriff, and the said Sheriff shall levy the same by virtue of the said execution as in other cases ; and to the said execution shall be annexed a copy of the bill of cost of the fees on which execution shall issue.” Under this act, the practice bas been to include cost due the parties, witnesses’ as well as the officers’ fees, &c. Taking the act literal y, it seems to address itself only to the clerks; but in construing it we say it is a law addressed to the Courts, to command by order their ministerial officers to do what is there requir- , „ . ed. Such a construction is consonant to the principles ot the common law, and then harmony will be kept up in the *129 forms of the proceedings of the Courts. The plaintiff asked the Court first to presume that such a judgment was render-' éd as the Court might have rendered when the defendant was discharged on the indictment. And secondly to permit him by parol proof to rectify the mistake of the clerk, and apply this execution to the said presumed judgment. The Court below yielded to the prayer of the plaintiff on both points, and he. recovered 745 acres of land, for which he gave at the sale only $205. Those persons who attended the sale might have refrained from bidding, because- they knew there was not to be found on the record any such judgment as thát referred to in the execution. Whether a proper judgment against the defendant can now be obtained by the officers, &c—nunc fro tunc, is' a question not now before us. From the loose practice in our State, the Courts in favor of justice are in many cases compelled to presume that such a judgment has be.en rendered as the plain facts on the record demanded should have been rendered. But we are of the opinion that in this case the Judge extended the indulgence too far to presume such a special judgment as that suggested ; and then again to permit the execution offered to be trimmed and shaped by parol evidence to fit such presumed judgment. In our opinion the plaintiff failed to produce any judgment, and therefore there must be a new trial.
When a fsícquiued on a erim-charge, he tothetled common menc jhat Without the" indict mem, but of such°0t there'16”£’ should be undlf^our Revista! ch. 105, gainstthe the officers, and the defend-nesses'for his costs ?hem°to be upon ’ should is-for the^ ^ ¡n favor of officers'* defendant.
Per Curiam. Judgment reversed.